IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-114-FL

| | |
|---|---|
| NOA, LLC and INSAF NEHME, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| WALID EL KHOURY, EDWARD EL ) | |
| KHOURY, and HOPE COMERCIO E ) | |
| INDUSTRIA LIMITADA, ) | |
| ) | |
| Defendants. ) | |

This case, presenting a dispute involving shipping of used clothing from the United States to Angola for sale, is brought on behalf of plaintiffs NOA, LLC ("NOA"), a limited liability company organized and existing under the laws of North Carolina, and Insaf Nehme ("Nehme"), resident in this state. Plaintiffs claim against defendants Walid El Khoury, citizen and resident of Lebanon, Edward El Khoury, citizen of Lebanon and resident of Angola, and Hope Comercio E Industria Limitada ("Hope Comercio"), a limited liability company organized and existing under the laws of Angola, with members domiciled in Angola and Lebanon. The case comes now before the court upon a number of preliminary motions, addressed below.

**BACKGROUND**

Pursuant to the allegations in plaintiffs' complaint, filed February 28, 2014, plaintiff Nehme and his family run a series of successful companies in various lines of business, one of which is the acquisition of used clothing in the United States for sale overseas. River Way Stores ("River Way"),

not a party to this action, is a company established fifty (50) years ago in Liberia by Nehme's father, which sells used clothes from the United States overseas. Plaintiff NOA contracts with various suppliers in the United States to acquire and ship clothing to River Way.

Defendant Walid El Khoury is plaintiff Nehme's cousin. Defendant Edward El Khoury is plaintiff Nehme's nephew (and Walid El Khoury's son). Defendant Walid El Khoury and plaintiff Nehme discussed in 2007 the potential for establishing a company like River Way in Angola, where this is a stronger demand for higher-quality clothing than in Liberia. The two reached an agreement whereby plaintiff Nehme and defendant Walid El Khoury would arrange the acquisition and shipment of used clothing from United States based suppliers to Angola, where Angolan operations would accept the shipments, pay plaintiff NOA, and NOA would pay its suppliers.

It also is alleged that they ultimately agreed on a partnership for the Angolan operations where each would have a fifty percent (50%) stake and split evenly the operation's profit. Rather than taking profits out of the partnership, they agreed they would reinvest the profits so that the business could grow and expand in Angola and later to other African countries.

The individual defendants went to Angola to establish operations there. Defendant Walid El Khoury created defendant Hope Comercio. Hope Comercio entered into a contract with plaintiff NOA, as contemplated.

Plaintiffs complain that defendant Walid El Khoury broke his promises to plaintiff Nehme, violated the terms of the partnership agreement, and conspired with defendant Edward El Khoury, and others to deny plaintiff Nehme his ownership interest in Hope Comercio. Plaintiff Nehme was not made co-owner as agreed. Instead, the individual defendants were each made co-owners, with a respective fifty percent (50%) stake in Hope Comercio. The individual defendants also failed to

make plaintiff Nehme a signatory on any of the company's bank accounts as agreed, depriving him of the right and ability to monitor the company's finances, his investment, and the day-to-day operation of Hope Comercio. Defendant Walid El Khoury also failed to invest the promised $3 million in capital in the business. Because of this failure, when a shipment valued at about $1 million arrived at port for Hope Comercio, defendant Walid El Khoury was unable to get the goods out of port and plaintiff Nehme had to fly to Angola on an emergency basis to secure a loan to pay the demurrage in order to obtain the goods.

The operation continued for several years, with plaintiff Nehme under the impression that defendant Walid El Khoury had been reinvesting his portion of the profits to grow and expand the business, as agreed. However, in the fall of 2013, plaintiff Nehme discovered that defendant Walid El Khoury had been engaging in conduct harmful to him and plaintiff NOA. He would not pay for the goods once he sold them and then, without legal justification or effect, he demanded an end to the partnership and kept the cash on hand (totaling $1.4 million) and all existing inventory for himself, which plaintiff NOA had purchased. Plaintiff also learned that defendant Walid El Khoury had engaged in a pattern of self-dealing with respect to the company that included inflating certain expenses on the company books and pocketing the difference as well as inflating salaries payable to himself and his children without the approval of plaintiff Nehme. Once plaintiffs were pushed out of the Angolan operations, the defendants began to deal directly with the suppliers to whom plaintiff Nehme had introduced defendant Walid El Khoury.

The complaint asserts numerous claims. As to defendant Walid El Khoury, plaintiffs claim for breach of partnership agreement (First Claim), breach of fiduciary duty and constructive fraud (Second Claim), conversion (Fourth Claim), and unjust enrichment (Sixth Claim). Plaintiffs claim

3

against defendant Edward El Khoury for conversion (Seventh Claim). Plaintiffs claim against defendant Hope Comercio for breach of contract with plaintiff NOA (Fifth Claim). Plaintiffs assert entitlement to an accounting as to the partnership and defendant Hope Comercio (Third Claim).

Not surprisingly, service issues were presented at the start. (DE 7). On March 31, 2014, the court entered order granting motion for appointment of special process server regarding service in Lebanon and Angola.[1] On May 9, 2014, affidavit of service of summons and complaint detailing service on defendant Walid El Khoury by the Sheriff of Montserrado County, Republic of Liberia, was filed. (DE 11). On May 30, 2014, plaintiffs moved for entry of default against this defendant (DE 12), which motion was served on this defendant, and held for response in the regular course by the case manager.

Before expiration of that response time, an attorney made notice of appearance for defendant Walid El Khoury, (DE 14), and followed her notice two days later with a motion for extension of time to file answer, (DE 16), to which plaintiffs responded in opposition. (DE 17). In their response, plaintiffs describe at length overtures by defendant Walid El Khoury to plaintiffs presented as an effort to resolve the ongoing dispute between relatives and business partners, which counsel deems nothing more than an effort to delay the litigation process as these exchanges ultimately bore no fruit.

Plaintiffs urge the court, in the absence of any facts establishing excusable neglect for his failure timely to respond, to deny the motion for time extension made after the time to respond expired. Plaintiffs rely upon Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which requires both a good cause showing and a showing of excusable neglect, where a motion is made after a party fails timely to act.

---

[1] An order was entered June 30, 2014, addressing service on the other defendants, which remains outstanding. (DE 23).

4

In support of his motion for a time extension, defendant Walid El Khoury relies on asserted deficiencies in service, jurisdictional issues, and equitable considerations rooted in geography, given the distance of defendant Walid El Khoury from the district. This defendant also asserts no prejudice will accrue if he is allowed additional time to make his response, up to and until July 7, 2014.

In reply, this defendant asserts he was not served even with a summons, contrary to plaintiffs' showing. (DE 19). Defendant Walid El Khoury's affidavit is relied upon, (DE 20), also to show excusable neglect, where defendant attests to misunderstanding as to the amount of time allowed for a response to the complaint. On June 30, 2014, these motions were referred to the clerk of court for ruling. On the same day, plaintiffs filed their supplement in opposition to defendant Walid El Khoury's motion for extension of time to respond to the complaint, asserting as false representations of defendant Walid El Khoury. (DE 24).

In this supplement plaintiffs seek to show defendant Walid El Khoury's familiarity with legal process, despite his protestations. Plaintiffs also attack his claim he was not provided with a copy of the summons. Defendant Walid El Khoury's changing positions as to what he did or did not receive upon service are highlighted, as well as his proficiency in the English language. Plaintiffs paint the affidavit tendered on his behalf as yet another effort to stall this litigation. Reliance is placed on plaintiff Nehme's affidavit, (DE 24-1), and well as that of Tiawan Saye Gongloe ("Gongloe"), who testifies to events in which he participated and observed, during service by the Sheriff of this defendant. (DE 24-2).

On July 1, 2014, defendant Walid El Khoury filed a motion to strike plaintiffs' response in opposition to his motion for a time extension. (DE 25). Defendant Walid El Khoury asserts lack of authority for the supplemental filing under the local civil rules and, moreover, the information

contained therein is improper under the Federal Rules of Evidence, for various reasons, and may not be considered. This defendant also would seek to show that he was represented by Gongloe at a certain point in time. This motion, to which plaintiffs have responded in opposition, also remains pending.

On July 7, 2014, defendant Walid El Khoury filed his response to complaint in the form of a motion to dismiss for lack of jurisdiction, improper service, and improper venue. (DE 26). Plaintiffs' motion for extension of time to respond followed today. Plaintiffs request to have fourteen (14) days from the date the court enters an order on defendant Walid El Khoury's motion for extension of time, before having to respond to the motion to dismiss. (DE 30). Defendant Walid El Khoury does not consent to this request, as reported by plaintiffs, and shown in his response, delivered this date. (DE 31). Today, the undersigned dispensed with any referral to the clerk of motions in the case, and takes up below all pending motions, save defendant Walid El Khoury's motion to dismiss, filed July 7, 2014.

**COURT'S DISCUSSION AND CONCLUSION**

A strong showing has been made on plaintiffs' behalf concerning service of process on defendant Walid El Khoury. This defendant asserts in his filings of record that there are meritorious defenses to be raised on his behalf. Notwithstanding plaintiff's showing, and the arguments made, where decision on the merits is favored under law, in its discretion the court DENIES the motion for entry of default (DE 12).

The court DENIES defendant Walid El Khoury's motion to strike plaintiffs' supplemental response in opposition to the motion for extension of time (DE 25), for reasons urged by plaintiffs. As to that motion (DE 16), the court, in its discretion and over plaintiffs' objections, ALLOWS it.

6

Defendant Walid El Khoury is accorded until July 7, 2014, within which to make his response. As such, his motion to dismiss filed that date is deemed timely.

Over defendant Walid El Khoury's objections, plaintiffs' motion for extension of time to respond (DE 30) is ALLOWED. Plaintiffs shall have a full twenty-one (21) days from this date within which to respond to that motion.

SO ORDERED, this the 29th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge