THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:14-CV-114-FL

|  |  |
|---|---|
| NOA, LLC and INSAF NEHME,<br><br>Plaintiffs,<br><br>v.<br><br>WALID EL KHOURY, EDWARD EL KHOURY, and HOPE COMERCIO E INDUSTRIA LIMITADA,<br><br>Defendants. | **AMENDED STIPULATION AND DISCOVERY CONFIDENTIALITY ORDER** |

THIS CAUSE came on to be heard upon the motion of Defendants Walid El Khoury, Edward El Khoury, and Hope Comercio E Industria Limitada (collectively the "Defendants") to amend the Stipulation and Discovery Confidentiality Order previously entered in this case (Dkt 106). Plaintiffs consent to the proposed amendment and, therefore, for good cause shown, the Court enters the Amended Stipulation and Discovery Confidentiality Order as follows:

1.     Plaintiffs' claims and Defendants-Counterclaimants' claims in this lawsuit arise from the formation, establishment, operation of, and financial accounting for, Hope Comercio E Industria Limitada. The parties seek discovery regarding, among other things, the personal and confidential financial and banking records of each of the parties and certain non-parties. The parties maintain the information sought in discovery in these proceedings in confidence in the conduct and pursuit of their personal and business dealings and have a legitimate interest in maintaining the confidentiality of such information during the pendency of these proceedings.[1] It is likely that the parties would suffer serious personal, financial, and/or competitive harm and

---

[1] The parties reserve and do not waive any objections regarding the scope of discovery in this case and do not agree, by reciting these facts, to produce particular responsive information.

losses if confidential information subject to this proposed Order were subject to public disclosure and scrutiny.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes information subject to protection under Rule 26(c) and (2) that there is good cause for the same to be protected from public disclosure.

3. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission,

PPAB 3326365v1

pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes information subject to protection under Rule 26(c) and (2) that there is good cause for the same to be protected from disclosure to the receiving party and/or the public.

4.      All Confidential or Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, including but not limited to the prosecution of any other judicial proceeding or lawsuit involving the Parties, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 6 and 8, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of any Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.      Each party or non-party that designates information or items for protection under this Order as either Confidential or Attorneys' Eyes Only must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standard. Mass, indiscriminate, or routine designations are strictly prohibited.

6.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

3

a.      Counsel of record for the parties, their partners, employees, and associates;

b.      Outside experts, consultants, or translators (and their staff) retained by counsel for the parties for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel;

e.      Any deponent or witness may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, mediators, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.      The parties. In the case of parties that are corporations or other business entities, "party" shall mean officers and employees of the party, provided that such officers or employees shall receive such Confidential information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purpose.

7.      Confidential material shall be used only by individuals permitted access to it under Paragraph 6. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality in writing, or (b) the Court orders such disclosure.

8.      With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until twenty (20)

4

days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. Unless otherwise agreed, depositions shall be treated as Attorneys' Eyes Only during the 20 day period following receipt of the transcript. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs and 6.

9.  Material produced and marked as Attorneys' Eyes Only shall be maintained in confidence for use by counsel, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs 6(a), (b), (c), (d), or (f) and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

10. A party does not waive its right to object to the designation of material as Confidential or Attorneys' Eyes Only by electing not to assert the objection immediately after the original designation is disclosed. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.  Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

5

b.     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by filing a motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.     All requests to seal documents filed with the Court shall comply with the requirements of *Stone v. University of Maryland Medical System Corp.*, 855 F. 2d 178, 180-181 (4th Cir. 1988).  Each time a party seeks to file under seal confidential documents, things and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion.  Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.  However, in the event that a party seeking to file confidential information is not the party who designated the material as Confidential or Attorneys' Eyes Only, then the filing party and the designating party shall follow the procedures set forth in section T(1)(a)(6) of the Court's ECF Manual.  Further proceedings with respect to a motion to seal will be governed by the Court's Case Management Order.

12.     If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

PPAB 3326365v1

13.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only.  Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order, but any disclosure prior to such notification shall not be a violation of this Order.

14.      When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Fed. R. Evid. 502(d), such inadvertent or mistaken disclosure of such information, document or thing shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity in this action or any other federal or state proceeding.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15.      The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that: (a) was, is, or becomes public knowledge not in violation of this Order; (b) was lawfully possessed by the receiving party prior to the date of this Order; or (c)

PPAB 3326365v1

becomes known to the receiving party from any source other than the designating party who is lawfully in possession of such information and who is not bound by any obligation to maintain the confidence of such information.

16.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18.     Violation by any person of any term of this Order or of the nondisclosure agreement attached as Exhibit A to this Order may be punishable as contempt of court.  Any person or entity that produces Confidential or Attorneys' Eyes Only information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the nondisclosure agreement, and may pursue all remedies available for violation thereof.

19.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  In addition, outside experts may retain a copy of Confidential

8

and Attorneys' Eyes Only material, in confidence, for the duration of time after the conclusion of this litigation that is necessary to satisfy their professional obligations, at which point they shall destroy such material. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**Stipulated and Agreed:**

Dated this 29th day of July, 2016.

NOA, LLC AND INSAF NEHME,
By Counsel.

/s/John J. Shahady
John J. Shahady, Esquire Fla. Bar No. 998990
JShahady@kolawyers.com
Thomas R. Shahady, Esquire Fla. Bar No. 092893
TShahady@kolawyers.com
KOPELOWITZ OSTROW FERGUSON WEISELBERG
GILBERT
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
(954) 525-4100 Telephone
(954) 525-4300 Facsimile

/s/Edward M. Shahady
Edward M. Shahady, P.A.
ed@shahady-law.com
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
(954) 442-1000 Telephone
(888) 574-1262

WALID EL KHOURY AND HOPE COMERCIO E
INDUSTRIA LIMITADA AND DEFENDANT EDWARD
EL KHOURY,

9

By Counsel.


 /s/ Matthew Hilton Mall
Melanie Black Dubis
N.C. Bar No. 22027
melaniedubis@parkerpoe.com
Matthew Hilton Mall
N.C. Bar. No. 36914
matthewmall@parkerpoe.com
Parker Poe Adams & Bernstein LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina  27601
Phone:  919-828-0564
Fax:  919-834-4564

Joey A. Chbeir
Admitted Pro Hac vice
AL State Bar No.:  1829-Y54C
jchbeir@maynardcooper.com
John N. Bolus
Admitted Pro Hac Vice
AL State Bar No.:  5753-U54J
jbolus@maynardcooper.com
Maynard, Cooper & Gale, P.C.
1901 sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL  35203-2618
Telephone: 205-254-1206
Fax: 205-254-1999


IT IS SO ORDERED.


Dated: __July 29, 2016_____          _____

　　　　　　　　　　　　　　　HON. LOUISE W. FLANAGAN
　　　　　　　　　　　　　　　United States District Judge

**EXHIBIT A**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:14-CV-114-FL

| | |
|---|---|
| NOA, LLC and INSAF NEHME,<br><br>              Plaintiffs,<br><br>v.<br><br>WALID EL KHOURY, EDWARD EL KHOURY, and HOPE COMERCIO E INDUSTRIA LIMITADA,<br><br>              Defendants. | **AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.      I will limit use of Confidential Material disclosed to me solely for purposes of this action.

PPAB 3326365v1

7.      After the final conclusion of the case, I may retain a copy of Confidential and Attorneys' Eyes Only material, in confidence, for the duration of time after the conclusion of this litigation that is necessary to satisfy their professional obligations, at which point they shall destroy such material.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____
                                                          [Name]

PPAB 3326365v1