IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-114-FL

| | |
|---|---|
| NOA, LLC and INSAF NEHME, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WALID EL KHOURY, EDWARD EL ) <br> KHOURY, and HOPE COMERCIO E ) <br> INDUSTRIA LIMITADA, ) <br> ) <br> Defendants. ) | ORDER |

This matter is before the court on defendants' motion for sanctions or, in the alternative, to dismiss for lack of prosecution, made pursuant to Federal Rules of Civil Procedure 37 and 41(b). (DE 121; DE 125). The issues raised have been briefed fully and are ripe for ruling. For the reasons that follow, the court grants in part and denies in part defendants' motion.

**BACKGROUND**

This case arises out of an intra-family dispute over the management of a joint venture, defendant Hope Comercio E Industria Limitada ("Hope Comercio"). Plaintiffs Insaf Nehme and NOA, LLC, a North Carolina limited liability company owned and operated by plaintiff Nehme, filed this suit on February 28, 2014, against defendant Walid El Khoury, plaintiff Nehme's cousin; defendant Edward El Khoury, plaintiff Nehme's cousin and defendant Walid El Khoury's son; and defendant Hope Comercio, a joint venture entered into between plaintiff Nehme and defendant Walid El Khoury operating in the Republic of Angola. Plaintiffs assert against defendant Walid El Khoury claims for 1) breach of partnership agreement, 2) breach of fiduciary duty, 3) constructive

fraud, 4) conversion, and 5) breach of contract.  Plaintiffs assert against defendant Edward El Khoury a single claim for conversion.  Plaintiffs assert against defendant Hope Comercio a single claim for an accounting.

After plaintiffs served properly all defendants, the court's scheduling order entered on September 9, 2015.  That order provided that all discovery was to be completed no later than August 31, 2016.  On October 20, 2015, defendant Walid El Khoury propounded to plaintiffs certain interrogatories("defendant Walid El Khoury's First Set of Interrogatories"), as well as certain requests for production ("defendant Walid El Khoury's Requests for Production") (collectively defendant Walid El Khoury's "discovery requests").  Under the terms of the court's scheduling order, plaintiffs' responses to defendant Walid El Khoury's discovery requests were due no later than November 19, 2015.  However, on November 12, 2015, on plaintiffs' motion, the court enlarged plaintiffs' time for response by 30 days, giving plaintiffs up to and including December 19, 2015, to respond to defendant Walid El Khoury's discovery requests.

In the meantime, plaintiffs began having trouble with their then-retained counsel, Williams Mullen, P.C. ("Williams Mullen").  On December 4, 2015, Williams Mullen filed a motion to withdraw from the case, citing plaintiffs' failure to pay legal fees.  The court granted Williams Mullen's motion by order entered December 7, 2015.

The court's order granting Williams Mullen's motion left plaintiffs without legal representation. Ten days later, on December 17, 2015, the court entered text order staying the case of its own initiative.  Citing Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) and RZS Holdings v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir. 2007), the court recognized that plaintiff NOA, as a business entity, could not "proceed without representation." (Dec. 17, 2015,

2

text order). In its order, the court stayed the case until February 1, 2016, "or such time as plaintiff NOA secure[d] counsel, whichever occur[ed] sooner." (Id.).

Plaintiffs' current counsel entered appearance on February 1, 2016, the last day of the court's stay, and the stay was lifted. Because the court earlier had stayed the case with only two days remaining in plaintiffs' time to respond to defendant Walid El Khoury's discovery requests the clock immediately began running on plaintiffs' time to serve those responses. On February 3, 2016, plaintiffs' time elapsed.

On March 2 and March 4, 2016, plaintiffs filed a motion and amended motion for extension of time in which to respond to defendant Walid El Khoury's discovery requests. The court denied those motions by text order entered March 14, 2016. In that text order, the court concluded that plaintiffs' motion for extension of time came well outside the time set by the court's November 12, 2015, order and, by extension, the court's September 9, 2015, scheduling order. Thus, the court sanctioned plaintiffs' dilatory conduct, pursuant to Federal Rules of Civil Procedure 16(f) and 33(b)(4), by requiring plaintiffs respond to defendant Walid El Khoury's discovery requests without objection.[1]

On April 13, 2016, plaintiffs responded to defendant Walid El Khoury's discovery requests without objection. However, defendants' counsel immediately identified a number of plaintiffs' responses to defendant Walid El Khoury's First Set of Interrogatories as inadequate. For example, plaintiffs failed to provide contact information for several individuals "whom. . .[plaintiffs]

---

[1] The court's March 14, 2016, order refers specifically to "defendants' first set of interrogatories." At the time, the court understood "defendants' first set of interrogatories" to include defendant Walid El Khoury's Requests for Production. It is apparent the parties also adopted this meaning. (See Pl.'s Resp. to Def.'s Motion for Sanctions, DE 132, at 2) ("Thereafter, Plaintiffs responded to Defendants' Interrogatories and Requests for Production in a timely manner, without objections, on April 13, 2016, in accordance with the Order of this Court.").

3

believe[d]. . .[were] likely to have discoverable matter or information," despite being asked specifically for that information. (DE 123-6 at 2–3). In addition, defendants' counsel identified plaintiffs' responses to defendant Walid El Khoury's Requests for Production as inadequate, where plaintiffs only signaled their readiness to produce any and all relevant documents, without proposing any dates or a location at which those documents would be made available. (Id. at 4).

Defendants' counsel responded to plaintiffs' purportedly deficient responses to defendant Walid El Khoury's discovery requests by letter to plaintiffs' counsel dated April 15, 2016. In that letter, defendants' counsel asked plaintiffs to supplement their responses to defendant Walid El Khoury's discovery requests, specifically asking plaintiffs to propose dates and a location for inspection of the documents requested by defendant Walid El Khoury's Requests for Production. By May 2, 2016, defendants' counsel had heard nothing from plaintiffs and followed up with a second letter to plaintiffs' counsel. (See DE 123-7). On May 6, 2016, plaintiffs' counsel responded to defendants' counsel's April 15 and May 2 inquiries, stating that plaintiffs expected to serve amended responses to defendant Walid El Khoury's First Set of Interrogatories "early next week" and that the documents responsive to defendant Walid El Khoury's Requests for Production would "arrive. . .[at plaintiffs' counsel's office] by Wednesday, May 11, 2016." (DE 123-8).

Plaintiffs' counsel served amended responses to defendant Walid El Khoury's First Set of Interrogatories on May 15, 2016. However, despite plaintiffs' counsel's suggestion of imminent, forthcoming responses to defendant Walid El Khoury's Requests for Production, defendants received none during the month of May. So, on June 1, 2016, defendants' counsel again contacted plaintiffs' counsel requesting access to documents responsive to defendant Walid El Khoury's Requests for Production. (DE 123-9).

4

In the meanwhile, the record suggests the parties' attorneys developed a disagreement about defendants' responses to certain requests for production propounded by plaintiffs while still represented by Williams Mullen ("plaintiffs' Requests for Production"). Plaintiffs' counsel learned that the case file received from Williams Mullen was missing defendants' responses to plaintiffs' Requests for Production during a May 10, 2016, conference call. (See DE 123-10). At that time, plaintiffs' counsel requested defendants' counsel advise as to the content of defendants' responses to plaintiffs' Requests for Production. Plaintiffs' counsel reiterated this request by letter dated June 6, 2016. (See DE 135-1). Defendants' counsel responded by letter dated June 13, 2016, wherein defendants' counsel provided plaintiffs' counsel with the Bates number for each document produced. (See DE 135-2). In follow up correspondence dated June 17, 2016, plaintiffs' counsel confirmed defendants had produced that information to Williams Mullen "by way of an e-mail link that is no longer viable" and asked defendants' counsel to "make the link viable again so that. . .[plaintiffs] can download. . .[defendants'] discovery responses." (DE 135-3). Defendants' counsel did so on June 21, 2016. (DE 135 ¶15).

For the duration of that disagreement, and perhaps as a result of it, plaintiffs' counsel eschewed defendants' counsel's request for amendments to plaintiffs' responses to defendant Walid El Khoury's Requests for Production. On June 17, 2016, after confirming defendants had produced documents responsive to plaintiffs' Requests for Production, plaintiffs' counsel hand delivered to defendants' counsel three discs "responsive to. . .[defendant Walid El Khoury's] Requests for Production." (Id.; see also DE 135-3).

On June 13, 2016, the same day defendants' counsel advised plaintiffs' counsel of the content of defendants' responses to plaintiffs' Requests for Production, defendants filed the instant

5

motion for sanctions or, in the alternative, to dismiss. Defendants' motion requests dismissal under Federal Rule of Civil Procedure 37(b) or, in the alternative, dismissal for failure to prosecute under Rule 41(b). Defendants supplemented their motion on June 17, 2016, the date on which plaintiffs' counsel hand delivered plaintiffs' responses to defendant Walid El Khoury's Requests for Production to defendants' counsel. In their supplemented motion, defendants contend that, even if dismissal is too severe a sanction, that the court still should award expenses, including attorneys' fees. Plaintiffs oppose defendants' motion and argue that defendants should have sought first a motion to compel plaintiffs' response to defendant Walid El Khoury's discovery requests.

**COURT'S DISCUSSION**

A.  Rule 41(b)

Turning first to defendants' request that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b), that request must be denied.

Rule 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Absent some exceptions not applicable here, dismissals under the rule are "with prejudice," unless "the dismissal order states otherwise" Id. Rule 41(b) dismissal is a powerful docket management tool, but one to be used sparingly, only after weighing the consequences of dismissal against "the sound public policy of deciding cases on their merits." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). The ultimate decision lies within the court's discretion. See id.

The Fourth Circuit has set out four factors to guide the district court's discretion. The court must consider 1) "the degree of personal responsibility of the part of the plaintiff"; 2) "the amount of prejudice to the defendant caused by the delay"; 3) "the presence or absence of a drawn out

6

history of deliberately proceeding in a dilatory fashion"; and 4) "the effectiveness of sanctions less drastic than dismissal." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotations omitted). The first factor operates as a gate keeper, of sorts; as a general rule "courts are reluctant to punish a client for the behavior of his lawyer." Reizakis, 490 F.2d at 1135. "[I]n situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances," such as "in the face of a clear record of delay or contumacious conduct by the plaintiff." Id.

Dismissal is not an appropriate sanction in this case. The court declines to find plaintiffs responsible for the delay of this case. "A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior." Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990) (collecting cases). There is no evidence to suggest that plaintiffs, as opposed to their attorneys, played any role in the delay of this case since the day those attorneys entered appearance, February 1, 2016. See id. Moreover, defendants also present no evidence to suggest plaintiffs are personally responsible for any delay occurring prior to February 1, 2016.

Beginning first with plaintiffs' purported delay occurring after February 1, 2016, it is undisputed plaintiffs delayed in completing (and supplementing) properly their discovery responses. However, without more that is not enough to warrant dismissal. Discovery requests are served on a party only nominally, in reality those requests are served on the party's attorney. As an advocate and counselor, it is incumbent upon the attorney to assist the party in navigating the complexities of discovery. Part of that obligation includes facilitating the party's response to various discovery requests. Defendants have failed to isolate the cause of plaintiffs' alleged failure to prosecute to the court's satisfaction. On the one hand, plaintiffs certainly may have been stonewalling defendants'

7

defense, or, as defendants put it, attempting to hold defendants "hostage" with litigation. (DE 138 at 2). On the other hand, it is equally likely that plaintiffs' delay may be the result of a breakdown in communication between plaintiffs and their attorneys. With those two equally probable scenarios, it would be inappropriate to find plaintiffs "personally responsible" for any delay occurring after February 1, 2016, especially in the face of this circuit's preference for resolving cases on the merits.

The court turns next to plaintiffs' purported delay occurring before February 1. As evidence of this delay, defendants point to plaintiffs' failure to pay Williams Mullen. Certainly that failure generated some measure of delay. However, a failure to timely remit payment, without a record of delay or evidence of contumacious conduct, is not enough to warrant dismissal. See Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc., Civil Action No. ELH-10-2091, 2011 WL 5555853, at *3 (D. Md. Nov. 15, 2011) (addressing effect of corporate plaintiff's delay in obtaining replacement counsel); see also Apace Commc'ns, Ltd. v. Burke, 105 F. Supp.3d 252, 254–55 (W.D.N.Y. 2015) (dismissing corporate plaintiff's claim under Rule 41(b) where evidence shows corporate plaintiff had failed to fund lawsuit, necessitating counsel's withdrawal, for over one year). There is no evidence plaintiffs' failure to pay Williams Mullen was meant to secure any advantage. Likewise, there is no evidence plaintiffs have engaged in a larger pattern of delay. Importantly, although Williams Mullen's motion to withdraw provides that plaintiffs had been provided "numerous warnings" about the consequences of plaintiffs' failure to pay legal fees, there is no indication as to the duration of those warnings. (DE 108 ¶3). Because defendants have not demonstrate plaintiffs' "personal responsibility" for the delay, the court declines to exercise its discretion to dismiss this case under Rule 41(b).

In any case, even if plaintiffs share some personal responsibility for this case's lengthy history, dismissal still is not appropriate. For one thing, defendants have not shown actual prejudice arising from the delay. As a general rule, prejudice to defendant accruing from a substantial delay is presumed. See O'Rourke Bros. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir. 2000); Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (9th Cir. 1991). However, a lack of actual prejudice "is a factor that must be considered" when determining whether or not to dismiss the case. Reizakis, 490 F.2d at 1135. Here, there are "no indications that the delay increased the litigation costs defendants had to bear or reduced. . .their likelihood of success on the merits." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Two factors conspire to undermine defendants' assertions of prejudice. First, plaintiffs served documents responsive to defendant Walid El Khoury's Requests for Production on June 17, 2016, four days after the instant motion was filed. Second, the parties have mutually agreed to extend the discovery deadline up to and including October 28, 2016. (DE 137 ¶3) ("All discovery shall be commenced or served in time to be completed by October 28, 2016."). In light of these developments, "there is no evidence in the record that [plaintiffs'] delay. . .caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself." LeSane, 239 F.3d at 210.

Lastly, dismissal is inappropriate given the lack of a "drawn out" litigation history attributable to plaintiff. Any delay attributable to plaintiffs is but a drop in the bucket when considered in the larger context of this case. From the moment this case was filed, there has been delay. That delay comes from various places, including the complexities of international service of process (see Declaration of Ramy Aoun, DE 69 ¶¶7–10) (describing deficiencies in service of process under Lebanese law); the distance between this forum and defendants' homes in Angola and

9

Lebanon; and defendants' own conduct (see Declaration of Kamal Abou Mrad, DE 59-1 at 1 ¶5) (describing defendant Edward El Khoury as "looking at" service documents before "thr[owing] them on the ground" and indicating "that he would not retain them"). Moreover, almost a year of this case's overall delay is directly attributable to a series of motions to dismiss, filed by each defendant, each of which was rejected by the court. Accordingly, because there is no "drawn out" litigation history attributable to plaintiffs, dismissal under Rule 41(b) also is improper.

B.  Rule 37

Addressing next defendants' motion for sanctions under Federal Rule of Civil Procedure 37, that motion is granted in part.

Rule 37(b) provides "[i]f a party or a party's officer, director, or managing agent. . .fails to obey an order to provide or permit discovery. . .the court where the action is pending may issue further just orders," including an order for sanctions. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b) gives the court the authority to impose a panoply of sanctions, including dismissing, either in whole or in part, plaintiffs' case. See Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, Rule 37(b) requires the court, where sanctions are appropriate, to award reasonable expenses, including attorney's fees, either as a stand-alone sanction or in addition to some other sanction authorized by the rule. Id. 37(b)(2)(C).

As an initial matter, although defendants request the court dismiss plaintiffs' case in its entirety, dismissal is inappropriate. "The legal standard for [dismissals] under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41." Carter v. Univ. of W. Va. Sys., Bd. of Trustees, No. 93-1905, 1994 WL 192031, at *2 (4th Cir. May 16, 1994); Gainey v. Alliance One, No. 1:11-CV-279, 2012 WL 4482988, at *2 n.1 (W.D.N.C. Sept. 27, 2012). For the reasons given in part A, the court rejects defendants' request for the sanction of dismissal.

10

Nevertheless, monetary sanctions are warranted in this case. Plaintiffs violated a court order to provide or permit discovery when they failed to respond appropriately to defendant Walid El Khoury's discovery requests by April 13, 2016. Although plaintiffs suggest their responses were compliant, they plainly were not. As derived from defendants' evidence, plaintiffs' responses to defendant Walid El Khoury's First Set of Interrogatories were deficient by, among other things, failing to provide contact information for every individual named in those responses, as requested by the instructions. (See DE 123-6 at 1–4). Similarly, plaintiffs' responses to defendant Walid El Khoury's Requests for Production also were deficient. In response to each request for production, plaintiffs stated "[a]ny and all documents in the possession, custody or control of the Plaintiff/Counter-Defendant that is responsive to this Request will be made available for inspection and/or copying at a mutually agreed date and time." (Id. at 4). This boiler-plate response lacks the substance required by Rule 34.

Rule 34 provides that production of documents "must be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). As another court has described it "there are only three appropriate responses to a request for production of documents": 1) an objection; 2) "an answer agreeing to the requested scope, time, place and manner of production"; or 3) "a response offering a good faith, reasonable alternative [to the proponent's requested time, place, or manner of] production, which is definite in scope, time, place or manner." Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 (D. Md. 1997). "[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific

11

time, place and manner, is not a complete answer as required by Rule 34(b)." Id.; see also Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 240–41 (M.D.N.C. 2010).

The only issue remaining is to determine who will pay. Rule 37(b) allows the court to assess fees against the disobedient party, the disobedient party's attorney, or both. Fed. R. Civ. P. 37(b)(2)(C). In this case, the court concludes that all fees incurred prior to May 4, 2016, the date on which plaintiffs' counsel John J. Shahady entered appearance in this case, shall be borne exclusively by plaintiffs' counsel Edward M. Shahady. All expenses incurred thereafter shall be borne equally between John J. and Edward M. Shahady. In fashioning this sanction, the court has considered alternatives, including imposing some portion of the cost on plaintiffs. However, given plaintiffs' earlier failure to pay Williams Mullen its legal fees, the court finds it unlikely that plaintiffs could or would pay. More significantly, imposing sanctions on plaintiffs' counsel is more apt under the circumstances of this case. As discussed at length above, the issues raised by defendants' motion are not typically attributable to a specific failure of the represented party other than that party's choice of attorney. Blame for technical failures, like the shoddy discovery responses in this case, usually, and appropriately, falls at the feet of counsel.

Accordingly, the court will grant defendants' motion inasmuch as it sounds as one for sanctions. Within 14 days of the date of entry of this order, defendants shall respond with an affidavit, complete with appropriate evidence, detailing their "reasonable expenses," including attorneys' fees, caused by the failure. Fed. R. Civ. P. 37(b)(2)(C). Within 7 days thereof, plaintiffs' counsel shall serve response, if any, contesting either the reasonableness or cause of those expenses.

## CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part defendants' motion for sanctions. (DE 121; DE 125). The court GRANTS the motion insofar is it requests sanctions under Federal Rule of Civil Procedure 37(b). The court DENIES the motion insofar as it requests involuntary dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

Within **14 days** of the date hereof, defendants shall file on the docket a lists of all expenses claimed under Rule 37(b)(2)(C). Within **7 days** of the date on which defendants serve that document, plaintiffs shall file a response in opposition, if any.

SO ORDERED, this the 23rd day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

13

Case 5:14-cv-00114-FL   Document 144   Filed 08/23/16   Page 13 of 13

## CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part defendants' motion for sanctions. (DE 121; DE 125). The court GRANTS the motion insofar is it requests sanctions under Federal Rule of Civil Procedure 37(b). The court DENIES the motion insofar as it requests involuntary dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

Within **14 days** of the date hereof, defendants shall file on the docket a lists of all expenses claimed under Rule 37(b)(2)(C). Within **7 days** of the date on which defendants serve that document, plaintiffs shall file a response in opposition, if any.

SO ORDERED, this the 23rd day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge