IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-114-FL

| | | |
|---|---|---|
| INSAF NEHME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WALID EL KHOURY, EDWARD EL KHOURY, and HOPE COMERCIO E INDUSTRIA LIMITADA, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court upon defendants' notice of reasonable expenses caused by plaintiffs' discovery non-compliance, (DE 145), and defendants' notice of fees and costs pursuant to order dated September 5, 2017. (DE 206). The court twice awarded attorneys' fees in defendants' favor without deciding amount due. With benefit now of the parties' briefing germane to that issue, issues raised are ripe for ruling.

**BACKGROUND**

The court proceeds here immediately to its discussion of the issues where the case background is a matter of record.[2] In response to the court's order awarding sanctions, defendants

---

[1] Where defendants and NOA, LLC ("NOA") entered a stipulation of dismissal with prejudice as to all claims asserted by and against NOA, NOA is no longer a party to this action. The caption is amended so to reflect. NOA's motion for reconsideration, (DE 221), is DENIED AS MOOT.

[2] The court incorporates herein "background" set forth in order awarding sanctions dated August 23, 2016, and "statement of the case" in order granting partial summary judgment dated September 5, 2017.

filed a "notice of reasonable expenses caused by plaintiffs' discovery non-compliance" seeking attorneys' fees in the amount of $21,797.50, for 75.3 hours worked by counsel at rates between $250/hr and $465/hr. (DE 146, 147). Defendants' counsel submitted declarations describing their credentials and involvement in the case. (Id.). Plaintiff and non-party NOA filed a brief in opposition to defendants' request seeking to reduce any attorneys' fees award to $3,793.62. (DE 148).

The court also awarded sanctions in its more recent order granting partial summary judgment in defendants' favor, (DE 205), and defendants' counsel filed a notice of fees and costs seeking attorneys' fees in the amount of $32,223.19. Defendants' counsel submitted declarations in support of the same. (DE 207, 208). NOA responded that it does not contest the award defendants seek. (DE 220). Plaintiff Nehme made no response to the pending notices of expenses, fees, and costs, and the deadline to do so has elapsed.

## DISCUSSION

A.    Sealed Order

Because the parties' briefing pertinent to summary judgment relied, in part, upon documents filed under seal, the court sealed its order granting partial summary judgment and allowed the parties 14 days to inform of any perceived necessary redactions. Where that deadline now has passed with no requests for redactions having been received, the clerk is directed to make DE 205 part of the public docket.

B.    Attorneys' Fees

To determine the proper amount of attorneys' fees, the court must apply a three-step process. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). "First, the court must determine the loadstar

2

figure by multiplying the number of reasonable hours expended times a reasonable rate." Id. (citations omitted). "To ascertain what is reasonable in terms of hours charged and the rate charged, the court is bound to apply the factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)." The Johnson factors consist of:

(1) The time and labor required to litigate the action;
(2) The novelty and difficulty of the questions presented by the action;
(3) The skill required to properly perform the legal service;
(4) The preclusion of other employment opportunities for counsel;
(5) The customary fee for such services;
(6) Whether the fee is fixed or contingent;
(7) Time limitations imposed by the client or the circumstances;
(8) The amount in controversy and the results obtained;
(9) The experience, reputation, and ability of the attorney;
(10) The "undesirability" of the case;
(11) The nature and length of the attorney's professional relationship with the client; and
(12) Awards in similar cases.

McAfee, 738 at 88. Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Id. "Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the [successful party]." Id.

The court turns first to defendants' notice of reasonable expenses caused by plaintiffs' discovery non-compliance, (DE 145), wherein defendants seek $21,797.50 in attorneys' fees based upon plaintiff's and NOA's failure to provide responses to defendants' requests for production of documents in compliance with the Federal Rules of Civil Procedure. First, based upon John Bolus' approximately 30 years experience, Joey Chbeir's approximately 10 years experience, Melanie Dubis' approximately 20 years experience Matthew Mall's approximately 10 years experience, counsel's claims hourly rates of $395.00/hr, $250.00/hr, $465.00/hr, and $335.00/hr, respectively, are reasonable in light of the complexity of this case.

3

However, turning to defendants' notice of hours worked, the court will not award attorneys' fees incurred prior to April 13, 2016, because, before that date, plaintiffs discovery responses were not due. Therefore, any failure to provide discovery before that time is not sanctionable. Defendants' remaining claims of hours spent are reasonable. In sum, based upon sanctions described in the court's order awarding sanctions, (DE 144), the court awards $19,038 in attorneys' fees.

The court's order awarding sanctions specified that any fees incurred prior to May, 4, 2016, would be borne exclusively by Edward M. Shahady, while any expenses incurred thereafter would be borne by John J. Shahady and Edward M. Shahady equally. Based upon time entries set forth in declarations of Joey Chbeir, (DE 146) and Matthew Mall, (DE 147), Edward M. Shahady is charged $10,148.25 of the above award and John J. Shahady is charged the remaining $8,889.75.

Next, the court turns to sanctions awarded in connection with order granting partial summary judgment. (DE 205). Based upon the complexity of issues, which involved presentation of evidence originally submitted in a foreign court, skill required to present same, in view of the amount in controversy, and for the reasons given above pertaining to defense counsel's experience, the court finds that defense counsel's claimed total expenses of $32,223.19 in connection with producing certain confidential documents and in moving for sanctions based upon wrongful disclosure of same is a reasonable loadstar figure. See McAfee, 738 F.3d at 88.

Where defendants obtained sanctions, as sought, there is no need to reduce the loadstar based upon time spent on unsuccessful claims or partial success. Moreover, where NOA and plaintiff have lodged no objection to defendants' notice of fees and costs, the court considers waived any objection based upon the loadstar figure, hours spent on unsuccessful claims, or degree of success.

Accordingly, the court awards $32,223.19 based upon sanctions described in the court's order granting partial summary judgment. (DE 205). This award shall be charged equally to plaintiff, Edward M. Shahady, John J. Shahady, and NOA. However, where the court has received no notice suggesting that the automatic stay applicable to claims against NOA has been lifted, the court will not reduce award against NOA to judgment at this time. See 11 U.S.C. § 362 (automatic stay); (DE 189 (NOA suggestion of bankruptcy)).

Finally, where the court imposed an additional monetary penalty of $5,000 based upon Edward M. Shahady's and John J. Shahady's failure, through lack of due diligence, to maintain confidentiality of certain document produced in discovery, these attorneys shall share the court's penalty equally.

## CONCLUSION

For the foregoing reasons, the court hereby AWARDS attorney's fees to defendants in the amount of $51,261.19 in addition to a monetary penalty of $5,000 set forth in prior order. Out of this amount, $20,704.04 is charged to Edward M. Shahady, and $19,445.54 is charged to John J. Shahady. $8055.79 is charged to plaintiff. The clerk is DIRECTED to enter judgment consistent with this order. The clerk is DIRECTED to make DE 205 part of the public docket. NOA's motion for reconsideration, (DE 221), is DENIED AS MOOT.

SO ORDERED, this the 17th day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge