IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-114-FL

| | |
|---|---|
| INSAF NEHME, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALID EL KHOURY, EDWARD EL )<br>KHOURY, and HOPE COMERCIO E )<br>INDUSTRIA LIMITADA, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on plaintiff's motion for telephonic status conferences and/or clarification, (DE 246), in furtherance of the parties' planning for hearing set for September 13, 2018, on defendants' motion for default judgment. (DE 223).

## BACKGROUND

As pertinent to hearing set for September 13, 2018, the case posture is as follows. The court dismissed plaintiff's claims, (DE 205, 244), and entered default against plaintiff on defendants' counterclaims. (DE 244). Claims by and against former plaintiff NO, LLC voluntarily were dismissed. (DE 225). Therefore, only defendants' counterclaims against plaintiff remain.

## DISCUSSION

Clarification as requested is set forth below, and in this regard, the motion is ALLOWED. Request for telephonic conference is DENIED as MOOT. However, should questions remain, the parties may reinstate request for telephonic conference pursuant to Rule 16 of the Federal Rules of Civil Procedure as herein provided.

Under Rule 55(a), entry of default is appropriate "[when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ." Fed. R. Civ. P. 55(a). As done here, a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). "The defendant is not held to admit conclusions of law," and "a default judgment may be lawfully entered only according to what is proper to be decreed upon the statements of the [complaint], assumed to be true, and not as of course according to the prayer of the [complaint]." Id. (quotations omitted).

Hearing has been set on motion remaining, where there is no issue defendants are entitled to judgment, to receive evidence to resolve factual ambiguities in the counterclaims, to determine facts alleged on information and belief, and to determine defendants' damages. See Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) provides that, if necessary, "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Where, as here, the defaulting party "contests the damages at issue, a full hearing may be required on the issue of damages, since a default does not concede the amount demanded." 10A Charles Alan Wright & Arthur. R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2018) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). Moreover, where the allegations are uncertain and where large damages are involved, as in defendants' counterclaims sounding in tort, the court properly exercises discretion to "establish the truth of [allegations] by evidence." Fed. R. Civ. P. 55(b)(2)(C); see Hutton v. Fisher, 359 F.2d 913, 916 (3d. Cir. 1966) ("Matters involving large sums

should not be determined by default judgment if it can reasonably be avoided.").

The instant motion raises question as to the court's schedule, where counsel for plaintiff indicates pre-existing conflict should hearing continue over to September 14, 2018. The court re-notices hearing to commence at New Bern on September 13, 2018, now to begin that day at 9:30 am, to address this concern.

If one side or the other reasonably concludes one day is insufficient time within which to hear this matter, and/or that administrative conference with the court in advance of September 13, 2018, would aid in planning, request may be renewed on or before Thursday, August 30, 2018, and the court will endeavor to accommodate the parties Tuesday, September 4, 2018, in this regard. Towards that end, any request shall reflect agreed upon time(s) of mutual availability of counsel for the parties on September 4, 2018.

SO ORDERED, this the 27th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge